IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FELIPE MARTINEZ,

                Plaintiff,

   vs.                                              No. CIV 01-259 LFG/DJS

CITY OF ALBUQUERQUE,
and DANNY LONGORIA,
COUNTY OF BERNALILLO,
and STEVE DURANCEAU,

                Defendants.

## MEMORANDUM OPINION AND ORDER
## SETTLING INSTRUCTIONS

       THIS MATTER comes before the Court on the requested jury instructions submitted by Plaintiff Felipe Martinez ("Martinez") and Defendants City of Albuquerque and Danny Longoria ("the City Defendants"). For the reasons given below, the Court accepts in part and rejects in part the requested jury instructions of both sides.

### Objections

       Before discussing the substance of the jury instructions in this case, the Court notes that Martinez did not submit any objections to the City Defendants' proposed instructions. The County of Bernalillo and Steve Duranceau, ("the County Defendants), former parties who are no longer part of this case, submitted extensive objections to Plaintiff's instructions. However, the City Defendants did not submit any objections of their own, but sought in open court to join in the County Defendants' objections. The Court will authorize that joinder.[1]

---

[1] The Court reminds the parties that the better practice is to submit their own objections.

There are a number of legal issues to be resolved in determining which of the proposed instructions to use, and the Court refers herein the County Defendant's objections, because the Court finds their comments useful.

### Plaintiff's Causes of Action

The Court determines that Plaintiff asserts three causes of action are as follows:

> (1)  A procedural due process claim against Danny Longoria under § 1983 for deprivation of property rights without following the correct statutory procedures;
>
> (2)  Malicious abuse of process against Danny Longoria under state law; and
>
> (3)  Municipal liability under § 1983 against the City for following a custom or policy of failing to properly train its police officers.

The County Defendants alleged generally in their objections that several of Plaintiff's instructions are not appropriate as isolated instructions but should have been included in a single, integrated instruction setting forth the parties' claims and defenses.  The Court agrees, and has set forth the parties contentions with regard to the three causes of action, in the following sequence:  (1) Longoria's liability under § 1983 for the due process violation; (2) the City's liability under § 1983 for failure to train amounting to deliberate indifference; and (3) Longoria's liability under state law for malicious abuse of process.

Comments on the individual causes of action:

Malicious Abuse of Process

In looking back over the record, the Court determines that Plaintiff has never alleged or argued a malicious prosecution claim under § 1983.  Although this is a possible theory under the facts of this case, it is not the way Plaintiff has framed the issues, and the Court therefore rejects any

language in the instructions setting forth this theory, including any claim based on seizure of Plaintiff's person under the Fourth Amendment.

The Court will therefore instruct the jury on malicious abuse of process as a claim under state law only.

Due Process

Plaintiff has framed his due process argument as one of procedural due process, rather than substantive due process. He claims that the police officers failed to follow the correct procedure, as set out by New Mexico statute, for handling situations involving operation of a car dealership without a license. Plaintiff argues they should have sought an injunction, thus allowing him a chance for a hearing to present his side of the story, instead of simply issuing a citation and seizing his vehicle titles. The Court will therefore instruct the jury on procedural due process and will eliminate any reference to concepts applicable only to substantive due process.

The Court's instruction dealing with Longoria's § 1983 liability includes a statement that the jury is to consider and determine whether Plaintiff had a protected property interest. This is normally seen as a question of law for the Court to decide; however, this issue can be a jury question under some circumstances. Koopman v. Water Dist. No. 1, 41 F.3d 1417, 1419 (10th Cir. 1994); Casias v. County of Raton, 738 F.2d 392, 395 (10th Cir. 1984). The Court finds that it is appropriate in this case to submit the question to the jury. For this reason, and because the Court does not find that the case cited by Plaintiff is necessarily applicable to this case, the Court rejects Plaintiff's proposed Instruction 45, which instructs the jury that Plaintiff has a protected property interest in the vehicles.

In addition, the Court rejects Plaintiff's requested Instruction 46, because the authority cited is not necessarily applicable to the facts of this case, and because the instruction is unnecessary.

3

At the hearing settling jury instructions, Defendants argued that certain language in Instruction 10, which sets forth the parties' positions with regard to the constitutional due process claim against Defendant Longoria, is unnecessary or would inject emotional issues into the case. They further argue that certain language at the end of Instruction 13, which sets forth the "custom and policy" claim against the City, is incorrect. The Court sustains this objection and has removed the objectionable language in these two instructions.

<u>Municipal Liability</u>

Plaintiff was allowed to amend his complaint to include a municipal liability claim. In his second amended complaint, Plaintiff alleges that the City Defendants failed to adequately train its police officers, and that this failure to train amounts to deliberate indifference to the rights of persons being investigated and constitutes a custom and policy on the part of the municipal defendants. This states a claim for municipal liability under § 1983. <u>City of Canton v. Harris</u>, 489 U.S. 378 (1988). The Court, having found a conflict on the evidence and reasonable inferences which may be drawn therefrom, denied Defendants' motion for a directed verdict. Therefore, this issue will go to the jury.

The City Defendants submitted Instruction 25, based on New Mexico law, which allows a failure-to-train claim under the New Mexico Tort Claims Act, against both individual supervisory employees, and against the agency which employs them. *See*, <u>McDermitt v. Corrections Corp. of America</u>, 112 N.M. 247, 814 P.2d 115 (Ct. App. 1991). Such a claim requires only negligence, not deliberate indifference. However, at the hearing settling jury instructions, Defendants withdrew this tendered instruction and asked that an instruction not be given on this theory of liability. Plaintiff argued that negligent training was intended to be included in the case all along. The Court finds that Plaintiff did not plead this cause of action, and therefore no instruction will be given on the City's

4

liability for negligence in training under state law.

### Treating All Defendants as One Unit

The County Defendants argue in their objections that, in his instructions, Plaintiff generally treats all Defendants as one, thereby preventing the jury from considering whether one Defendant may be found not liable even though another is held liable.

Although the County Defendants are now out of the case, the Court agrees that Plaintiff's approach is improper. Plaintiff also fails to clarify in his proposed instructions that the theories asserted against the municipal Defendant is different from those asserted against the individual defendant, and Plaintiff's lumping them together by referring to the "Defendants" is unfair and confusing. Each Defendant has therefore been treated separately in the instructions.

### Allegations of Conspiracy

Plaintiff submitted several instructions dealing with conspiracy, and the County Defendants objected to Plaintiff's bringing in what they claim is a brand-new, previously unrevealed, cause of action. The County Defendants argue, at several places in their objections, that:

> Plaintiff attempts to add new claims and causes of action to this matter, specifically conspiracy claims against the Defendants. Nowhere in the Plaintiff's original Complaint, First Amended Complaint or Second Amended Complaint was a conspiracy claim made by the Plaintiff. Further no claim was ever raised in the Initial Pretrial Report, in discovery in this matter, nor in the Final Pretrial Order. Plaintiff cannot be allowed to add new theories and causes of action at this eleventh, hour, and the jury should not be instructed on claims not previously raised in this litigation.

Plaintiff did include, in both amended complaints, in the Initial Pretrial Report, and in the Pretrial Order, the following language, or something similar: "Defendants were involved in the initiation of judicial proceedings against the Plaintiff as a result of the concerted actions and

agreements of the Defendants."  Although not sufficient to state a claim under 42 U.S.C. § 1985(3), this language does state a claim for a "§ 1983 conspiracy."

Although the Court is leery of the "conspiracy" language, nevertheless, the individual police officers in this case clearly acted in concert in issuing the citation and seizing the titles.  Although the individual City police officer, Danny Longoria, is not the one who actually wrote out the citation for operating without a license, it is clear that he was a party to the actions of the group of officers, who were operating as a team; that the deputy issued the citation because Longoria did not have his citation book with him; and that Longoria was intended to be the principal law enforcement officer to prosecute this case.  Furthermore, it has been clear from the beginning of the case that Plaintiff intended to try to make each officer liable for the actions of the other officers, based on a general theory that they acted in concert.  The Court will therefore instruct on a § 1983 concerted action theory, to the effect that Defendant Longoria may be held liable for the actions of the other officers, but the Court will not instruct on a conspiracy under § 1985(3).

To establish a conspiracy under 42 U.S.C. § 1985(3), Plaintiff would have to plead and prove a racially based, invidiously discriminatory animus behind the Defendants' actions.  The mere statement that the Defendants acted "in concert" or "by agreement" does not fulfill this requirement.  However, the Tenth Circuit allows for a conspiracy claim directly under § 1983, without bringing in § 1985(3) at all.  *See*, Dixon v. City of Lawton, 898 F.2d 1443, 1449 n.6 (10th Cir. 1990):

> By a  1983 conspiracy claim, we mean a conspiracy to violate a right protected by  1983; in other words, a conspiracy to deprive a plaintiff of a constitutional or federally protected right under color of state law . . .  A § 1983 conspiracy claim also may arise when a plaintiff does not wish to rely exclusively on § 1985(3) with its requirement of class-based, discriminatory animus.  For example, a plaintiff might be unable to prove a racially motivated conspiracy, but could prove a conspiracy

> to deprive the plaintiff of civil rights under color of state law . . .
> Provided that there is an underlying constitutional deprivation, the
> conspiracy claim allows for imputed liability; a plaintiff may be able to
> impose liability on one defendant for the actions of another performed
> in the course of the conspiracy.

Although, as noted above, it is conceivable that Plaintiff meant to assert such a claim by including the quoted language in his amended complaints and in the Initial Pretrial Report and Pretrial Order, this is too thin a reed on which to hang the extensive conspiracy instructions proposed by Plaintiff (which include Instructions 1, 7,13-17, one of which is 2 ½ pages long, and others of which refer to 42 U.S.C. § 1986, which deals with failure to prevent a conspiracy).   Plaintiff's specific references to § 1985(3) are improper, as he never mentioned the statute before submitting the jury instructions, and he has made no allegation of "racially based, invidiously discriminatory animus" by all alleged conspirators, although there has been presented contested evidence of racial or ethnic epithets.

If Plaintiff intended from the beginning to present a conspiracy theory to the jury under § 1985(3), vague references in the pleadings to "concerted" action or an "agreement" do not adequately inform Defendants of this theory so as to allow them the opportunity to develop evidence in opposition.   However, he has maintained all along that the Defendants acted in concert, and the Court finds that Plaintiff has therefore put Defendants on notice that he intended to allege a conspiracy under § 1983, which allows Plaintiff to argue to the jury that Longoria should be liable for Duranceau's actions.

The Court will not use the word "conspiracy" in the instructions, but will instruct the jury that the police officers were acting in concert on the day in question and that their acts may be attributable to all other officers involved, and therefore it is immaterial whether or not Defendant Longoria

actually wrote out the citation.

## Qualified Immunity

The City Defendants request an instruction on qualified immunity. In the Court's earlier opinions denying Defendants' motions for summary judgment, qualified immunity was specifically held to be inapplicable under the facts of this case. [*See*, Doc. 57, at 11; Doc. 93, at 11].

The Court therefore rejects Defendants' proposed Instruction 22.

## Agency and Respondeat Superior

In their objections, the County Defendants point out that Plaintiff's requested instructions Nos. 21-24, which deal with agency and an employer's liability for the acts of its employee, are improper as *respondeat superior* is not an issue in this case. This argument has merit, and the Court rejects all proposed instructions discussing agency and an employer's liability.

## Damages

Plaintiff's requested instruction on damages simply says the jury should award whatever actual or compensatory damages they find are justified. He also includes a statement about nominal damages and punitives. Plaintiff does not set out the elements of damage which he is requesting, as required in NM UJI Civ. 13-1802.

The City Defendants' damage instruction lists only lost earnings and present value of lost future earning capacity. Plaintiff does make a claim in his Second Amended Complaint for such damages. In addition, the evidence as it came out at trial included testimony as to emotional distress, sleeplessness, anger and "loss of the dream" suffered by the Plaintiff as a result of Defendants' actions, and the Court therefore included this element in its instruction on damages.

Plaintiff asks for punitive damages against "the Defendants." As the County Defendants

correctly pointed out in their objections, punitive damages are not available under the claims based on the New Mexico Tort Claims Act, *see*, NMSA § 41-4-19(B), and punitives cannot be awarded against a municipal body.  Dill v. City of Edmond, 155 F.3d 1193, 1210 (10th Cir. 1998).  The Court therefore used a modified version of Defendant's requested instruction on punitive damages.

At the hearing settling jury instructions, Defendants objected to the punitive damages instruction in its entirety, arguing that the evidence was insufficient to take to the jury on this element. The Court overrules this objection.

Defendants' proposed  instruction 32 is taken from the Fifth Circuit pattern instructions.  It states that Plaintiff may not receive a double recovery and is only entitled to be made whole once for his injury, even though he brings multiple claims.  this was an appropriate instruction, and it has been included.  That same proposed instruction includes language about multiple parties, and tells the jury it is to consider each defendant separately.  This is based on NM UJI Civ. 13-1902.  This, too, is appropriate, except that the liabilities are somewhat intertwined in this case because the jury cannot consider municipal liability unless it first finds that the individual is liable; a sentence to that effect has therefore been added to Defendants' proposed instruction.

### Other Proposed Instructions Rejected by the Court

The Court will not give the following proposed instructions, for the reasons stated:

Plaintiff's Proposed Instructions

Plaintiff proposes instructions (Nos. 33-36) having to do with "taking" of property without just compensation.  This is not one of the theories alleged and litigated in this case, and the Court will not instruct on taking.

In Instruction 37, Plaintiff proposes to insert "liberty" interests into the case.  Again, this is

not a theory that has been put forth in this case, and the Court therefore rejects this instruction.

Plaintiff's proposed Instructions 40-41 are intended to instruct the jury that certain rules apply to an "established place of business," and regarding the timing of signage as it relates to the start of business. These considerations are best left for closing argument.

The Court finds that the information in Plaintiff's proposed Instruction 43, regarding an asserted variance in the documentation for vehicle transfers as between a dealer and a non-dealer, is best stated by quoting the statutory provisions to the jury. The Court will include both §§ 66-3-107 and 66-3-108 in the instruction.

The statements made in Plaintiff's proposed Instructions 48 and 49 have been included, in modified form, in the instructions setting forth the parties' theories of the case.

Plaintiff's proposed Instruction 52 states that the jury is permitted to draw inferences. This is not necessarily an incorrect statement, but it is not included in the standard New Mexico Uniform Jury Instructions, which this Court uses as a basis for its instructions, and the Court finds this instruction is not necessary.

Defendants' Proposed Instructions

Much of Defendants' proposed Instruction 20 was given, as part of the main instruction setting forth the parties' theories of the case. However, the Court left out the narrative language stating that when an owner sells a motor vehicle he must sign the document of sale and record the name of the purchaser, and that the  state Motor Vehicle Division is authorized to take possession of any titles determined to be erroneous or improper and to turn them over to law enforcement personnel for use in prosecution. These matters are best stated by quoting the statutory provisions to the jury, and the Court included these two provisions (§§ 66-3-107 and 66-2-9) in Instruction No.

10

11.  The Court also included in that instruction the statutory language of NMSA § 66-4-1 and, as noted above and as requested by Plaintiff, § 66-3-108.

Defendants' proposed Instruction 21 constitutes Defendants' statement of the claim for malicious abuse of process under Section 1983, including language regarding unreasonable seizure. The Court ruled that this claim is not at issue in this case (see above).

IT IS THEREFORE ORDERED that the jury will be instructed as set forth in the Court's Instructions to the Jury, filed separately in this case.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FELIPE MARTINEZ,

                 Plaintiff,

   vs.                                                No. CIV 01-259 LFG/DJS

CITY OF ALBUQUERQUE,
and DANNY LONGORIA,
COUNTY OF BERNALILLO,
and STEVE DURANCEAU,

                 Defendants.

## MEMORANDUM OPINION AND ORDER
## SETTLING INSTRUCTIONS

THIS MATTER comes before the Court on the requested jury instructions submitted by Plaintiff Felipe Martinez ("Martinez") and Defendants City of Albuquerque and Danny Longoria ("the City Defendants"). For the reasons given below, the Court accepts in part and rejects in part the requested jury instructions of both sides.

### Objections

Before discussing the substance of the jury instructions in this case, the Court notes that Martinez did not submit any objections to the City Defendants' proposed instructions. The County of Bernalillo and Steve Duranceau, ("the County Defendants), former parties who are no longer part of this case, submitted extensive objections to Plaintiff's instructions. However, the City Defendants did not submit any objections of their own, but sought in open court to join in the County Defendants' objections. The Court will authorize that joinder.[1]

---

[1] The Court reminds the parties that the better practice is to submit their own objections.

There are a number of legal issues to be resolved in determining which of the proposed instructions to use, and the Court refers herein the County Defendant's objections, because the Court finds their comments useful.

## Plaintiff's Causes of Action

The Court determines that Plaintiff asserts three causes of action are as follows:

(1)  A procedural due process claim against Danny Longoria under § 1983 for deprivation of property rights without following the correct statutory procedures;

(2)  Malicious abuse of process against Danny Longoria under state law; and

(3)  Municipal liability under § 1983 against the City for following a custom or policy of failing to properly train its police officers.

The County Defendants alleged generally in their objections that several of Plaintiff's instructions are not appropriate as isolated instructions but should have been included in a single, integrated instruction setting forth the parties' claims and defenses.  The Court agrees, and has set forth the parties contentions with regard to the three causes of action, in the following sequence:  (1) Longoria's liability under § 1983 for the due process violation; (2) the City's liability under § 1983 for failure to train amounting to deliberate indifference; and (3) Longoria's liability under state law for malicious abuse of process.

Comments on the individual causes of action:

Malicious Abuse of Process

In looking back over the record, the Court determines that Plaintiff has never alleged or argued a malicious prosecution claim under § 1983.  Although this is a possible theory under the facts of this case, it is not the way Plaintiff has framed the issues, and the Court therefore rejects any

2

language in the instructions setting forth this theory, including any claim based on seizure of Plaintiff's person under the Fourth Amendment.

The Court will therefore instruct the jury on malicious abuse of process as a claim under state law only.

Due Process

Plaintiff has framed his due process argument as one of procedural due process, rather than substantive due process. He claims that the police officers failed to follow the correct procedure, as set out by New Mexico statute, for handling situations involving operation of a car dealership without a license. Plaintiff argues they should have sought an injunction, thus allowing him a chance for a hearing to present his side of the story, instead of simply issuing a citation and seizing his vehicle titles. The Court will therefore instruct the jury on procedural due process and will eliminate any reference to concepts applicable only to substantive due process.

The Court's instruction dealing with Longoria's § 1983 liability includes a statement that the jury is to consider and determine whether Plaintiff had a protected property interest. This is normally seen as a question of law for the Court to decide; however, this issue can be a jury question under some circumstances. Koopman v. Water Dist. No. 1, 41 F.3d 1417, 1419 (10th Cir. 1994); Casias v. County of Raton, 738 F.2d 392, 395 (10th Cir. 1984). The Court finds that it is appropriate in this case to submit the question to the jury. For this reason, and because the Court does not find that the case cited by Plaintiff is necessarily applicable to this case, the Court rejects Plaintiff's proposed Instruction 45, which instructs the jury that Plaintiff has a protected property interest in the vehicles.

In addition, the Court rejects Plaintiff's requested Instruction 46, because the authority cited is not necessarily applicable to the facts of this case, and because the instruction is unnecessary.

3

At the hearing settling jury instructions, Defendants argued that certain language in Instruction 10, which sets forth the parties' positions with regard to the constitutional due process claim against Defendant Longoria, is unnecessary or would inject emotional issues into the case.  They further argue that certain language at the end of Instruction 13, which sets forth the "custom and policy" claim against the City, is incorrect.  The Court sustains this objection and has removed the objectionable language in these two instructions.

Municipal Liability

Plaintiff was allowed to amend his complaint to include a municipal liability claim.  In his second amended complaint, Plaintiff alleges that the City Defendants failed to adequately train its police officers, and that this failure to train amounts to deliberate indifference to the rights of persons being investigated and constitutes a custom and policy on the part of the municipal defendants.  This states a claim for municipal liability under § 1983.  City of Canton v. Harris, 489 U.S. 378 (1988). The Court, having found a conflict on the evidence and reasonable inferences which may be drawn therefrom, denied Defendants' motion for a directed verdict.  Therefore, this issue will go to the jury.

The City Defendants submitted Instruction 25, based on New Mexico law, which allows a failure-to-train claim under the New Mexico Tort Claims Act, against both individual supervisory employees, and against the agency which employs them.  See, McDermitt v. Corrections Corp. of America, 112 N.M. 247, 814 P.2d 115 (Ct. App. 1991).  Such a claim requires only negligence, not deliberate indifference.  However, at the hearing settling jury instructions, Defendants withdrew this tendered instruction and asked that an instruction not be given on this theory of liability.  Plaintiff argued that negligent training was intended to be included in the case all along.  The Court finds that Plaintiff did not plead this cause of action, and therefore no instruction will be given on the City's

4

liability for negligence in training under state law.

### Treating All Defendants as One Unit

The County Defendants argue in their objections that, in his instructions, Plaintiff generally treats all Defendants as one, thereby preventing the jury from considering whether one Defendant may be found not liable even though another is held liable.

Although the County Defendants are now out of the case, the Court agrees that Plaintiff's approach is improper. Plaintiff also fails to clarify in his proposed instructions that the theories asserted against the municipal Defendant is different from those asserted against the individual defendant, and Plaintiff's lumping them together by referring to the "Defendants" is unfair and confusing. Each Defendant has therefore been treated separately in the instructions.

### Allegations of Conspiracy

Plaintiff submitted several instructions dealing with conspiracy, and the County Defendants objected to Plaintiff's bringing in what they claim is a brand-new, previously unrevealed, cause of action. The County Defendants argue, at several places in their objections, that:

> Plaintiff attempts to add new claims and causes of action to this matter, specifically conspiracy claims against the Defendants. Nowhere in the Plaintiff's original Complaint, First Amended Complaint or Second Amended Complaint was a conspiracy claim made by the Plaintiff. Further no claim was ever raised in the Initial Pretrial Report, in discovery in this matter, nor in the Final Pretrial Order. Plaintiff cannot be allowed to add new theories and causes of action at this eleventh, hour, and the jury should not be instructed on claims not previously raised in this litigation.

Plaintiff did include, in both amended complaints, in the Initial Pretrial Report, and in the Pretrial Order, the following language, or something similar: "Defendants were involved in the initiation of judicial proceedings against the Plaintiff as a result of the concerted actions and

agreements of the Defendants."  Although not sufficient to state a claim under 42 U.S.C. § 1985(3), this language does state a claim for a "§ 1983 conspiracy."

Although the Court is leery of the "conspiracy" language, nevertheless, the individual police officers in this case clearly acted in concert in issuing the citation and seizing the titles.  Although the individual City police officer, Danny Longoria, is not the one who actually wrote out the citation for operating without a license, it is clear that he was a party to the actions of the group of officers, who were operating as a team; that the deputy issued the citation because Longoria did not have his citation book with him; and that Longoria was intended to be the principal law enforcement officer to prosecute this case.  Furthermore, it has been clear from the beginning of the case that Plaintiff intended to try to make each officer liable for the actions of the other officers, based on a general theory that they acted in concert.  The Court will therefore instruct on a § 1983 concerted action theory, to the effect that Defendant Longoria may be held liable for the actions of the other officers, but the Court will not instruct on a conspiracy under § 1985(3).

To establish a conspiracy under 42 U.S.C. § 1985(3), Plaintiff would have to plead and prove a racially based, invidiously discriminatory animus behind the Defendants' actions.  The mere statement that the Defendants acted "in concert" or "by agreement" does not fulfill this requirement.  However, the Tenth Circuit allows for a conspiracy claim directly under § 1983, without bringing in § 1985(3) at all.  *See*, Dixon v. City of Lawton, 898 F.2d 1443, 1449 n.6 (10th Cir. 1990):

> By a 1983 conspiracy claim, we mean a conspiracy to violate a right
> protected by 1983; in other words, a conspiracy to deprive a plaintiff
> of a constitutional or federally protected right under color of state law
> . . .  A § 1983 conspiracy claim also may arise when a plaintiff does
> not wish to rely exclusively on § 1985(3) with its requirement of class-
> based, discriminatory animus.  For example, a plaintiff might be unable
> to prove a racially motivated conspiracy, but could prove a conspiracy

6

> to deprive the plaintiff of civil rights under color of state law . . .
> Provided that there is an underlying constitutional deprivation, the
> conspiracy claim allows for imputed liability; a plaintiff may be able to
> impose liability on one defendant for the actions of another performed
> in the course of the conspiracy.

Although, as noted above, it is conceivable that Plaintiff meant to assert such a claim by including the quoted language in his amended complaints and in the Initial Pretrial Report and Pretrial Order, this is too thin a reed on which to hang the extensive conspiracy instructions proposed by Plaintiff (which include Instructions 1, 7,13-17, one of which is 2 ½ pages long, and others of which refer to 42 U.S.C. § 1986, which deals with failure to prevent a conspiracy).   Plaintiff's specific references to § 1985(3) are improper, as he never mentioned the statute before submitting the jury instructions, and he has made no allegation of "racially based, invidiously discriminatory animus" by all alleged conspirators, although there has been presented contested evidence of racial or ethnic epithets.

If Plaintiff intended from the beginning to present a conspiracy theory to the jury under § 1985(3), vague references in the pleadings to "concerted" action or an "agreement" do not adequately inform Defendants of this theory so as to allow them the opportunity to develop evidence in opposition.  However, he has maintained all along that the Defendants acted in concert, and the Court finds that Plaintiff has therefore put Defendants on notice that he intended to allege a conspiracy under § 1983, which allows Plaintiff to argue to the jury that Longoria should be liable for Duranceau's actions.

The Court will not use the word "conspiracy" in the instructions, but will instruct the jury that the police officers were acting in concert on the day in question and that their acts may be attributable to all other officers involved, and therefore it is immaterial whether or not Defendant Longoria

7

actually wrote out the citation.

## Qualified Immunity

The City Defendants request an instruction on qualified immunity.  In the Court's earlier opinions denying Defendants' motions for summary judgment, qualified immunity was specifically held to be inapplicable under the facts of this case.  [*See*, Doc. 57, at 11; Doc. 93, at 11].

The Court therefore rejects Defendants' proposed Instruction 22.

## Agency and Respondeat Superior

In their objections, the County Defendants point out that Plaintiff's requested instructions Nos. 21-24, which deal with agency and an employer's liability for the acts of its employee, are improper as *respondeat superior* is not an issue in this case.  This argument has merit, and the Court rejects all proposed instructions discussing agency and an employer's liability.

## Damages

Plaintiff's requested  instruction on damages simply says the jury should award whatever actual or compensatory damages they find are justified.  He also includes a statement about nominal damages and punitives.  Plaintiff does not set out the elements of damage which he is requesting, as required in NM UJI Civ. 13-1802.

The City Defendants' damage instruction lists only lost earnings and present value of lost future earning capacity.  Plaintiff does make a claim in his Second Amended Complaint for such damages.  In addition, the evidence as it came out at trial included testimony as to emotional distress, sleeplessness, anger and "loss of the dream" suffered by the Plaintiff as a result of Defendants' actions, and the Court therefore included this element in its instruction on damages.

Plaintiff asks for punitive damages against "the Defendants."   As the County Defendants

correctly pointed out in their objections, punitive damages are not available under the claims based on the New Mexico Tort Claims Act, *see*, NMSA § 41-4-19(B), and punitives cannot be awarded against a municipal body. <u>Dill v. City of Edmond</u>, 155 F.3d 1193, 1210 (10th Cir. 1998). The Court therefore used a modified version of Defendant's requested instruction on punitive damages.

At the hearing settling jury instructions, Defendants objected to the punitive damages instruction in its entirety, arguing that the evidence was insufficient to take to the jury on this element. The Court overrules this objection.

Defendants' proposed  instruction 32 is taken from the Fifth Circuit pattern instructions.  It states that Plaintiff may not receive a double recovery and is only entitled to be made whole once for his injury, even though he brings multiple claims.  this was an appropriate instruction, and it has been included.  That same proposed instruction includes language about multiple parties, and tells the jury it is to consider each defendant separately.  This is based on NM UJI Civ. 13-1902.  This, too, is appropriate, except that the liabilities are somewhat intertwined in this case because the jury cannot consider municipal liability unless it first finds that the individual is liable; a sentence to that effect has therefore been added to Defendants' proposed instruction.

**Other Proposed Instructions Rejected by the Court**

The Court will not give the following proposed instructions, for the reasons stated:

<u>Plaintiff's Proposed Instructions</u>

Plaintiff proposes instructions (Nos. 33-36) having to do with "taking" of property without just compensation.  This is not one of the theories alleged and litigated in this case, and the Court will not instruct on taking.

In Instruction 37, Plaintiff proposes to insert "liberty" interests into the case.  Again, this is

not a theory that has been put forth in this case, and the Court therefore rejects this instruction.

Plaintiff's proposed Instructions 40-41 are intended to instruct the jury that certain rules apply to an "established place of business," and regarding the timing of signage as it relates to the start of business. These considerations are best left for closing argument.

The Court finds that the information in Plaintiff's proposed Instruction 43, regarding an asserted variance in the documentation for vehicle transfers as between a dealer and a non-dealer, is best stated by quoting the statutory provisions to the jury. The Court will include both §§ 66-3-107 and 66-3-108 in the instruction.

The statements made in Plaintiff's proposed Instructions 48 and 49 have been included, in modified form, in the instructions setting forth the parties' theories of the case.

Plaintiff's proposed Instruction 52 states that the jury is permitted to draw inferences. This is not necessarily an incorrect statement, but it is not included in the standard New Mexico Uniform Jury Instructions, which this Court uses as a basis for its instructions, and the Court finds this instruction is not necessary.

Defendants' Proposed Instructions

Much of Defendants' proposed Instruction 20 was given, as part of the main instruction setting forth the parties' theories of the case. However, the Court left out the narrative language stating that when an owner sells a motor vehicle he must sign the document of sale and record the name of the purchaser, and that the state Motor Vehicle Division is authorized to take possession of any titles determined to be erroneous or improper and to turn them over to law enforcement personnel for use in prosecution. These matters are best stated by quoting the statutory provisions to the jury, and the Court included these two provisions (§§ 66-3-107 and 66-2-9) in Instruction No.

11.  The Court also included in that instruction the statutory language of NMSA § 66-4-1 and, as noted above and as requested by Plaintiff, § 66-3-108.

Defendants' proposed Instruction 21 constitutes Defendants' statement of the claim for malicious abuse of process under Section 1983, including language regarding unreasonable seizure. The Court ruled that this claim is not at issue in this case (see above).

IT IS THEREFORE ORDERED that the jury will be instructed as set forth in the Court's Instructions to the Jury, filed separately in this case.


_____
Lorenzo F. Garcia
United States Magistrate Judge